UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHAEL A. COPSEY,        ) | | |
|         Plaintiff,        ) | | |
|                           ) | | |
| v.                        ) | CAUSE NO.: 1:19-CV-369-JEM | |
|                           ) | | |
| ANDREW SAUL, Commissioner of the        ) | | |
| Social Security Administration,        ) | | |
|         Defendant.        ) | | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Michael A. Copsey on August 22, 2019, and Plaintiff's Opening Brief [DE 14], filed February 18, 2020. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On May 26, 2020, the Commissioner filed a response. No reply has been filed.

**I.     Background**

On May 23, 2017, Plaintiff filed an application for benefits alleging that he became disabled on March 8, 2017. Plaintiff's application was denied initially and upon reconsideration. On August 20, 2018, Administrative Law Judge ("ALJ") Frederic Roberson held a hearing, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On October 31, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The ALJ made the following findings under the required five-step analysis:

1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2.   The claimant has not engaged in substantial gainful activity since March 8, 2017, the alleged onset date.

3.   The claimant has the following severe impairments: chronic obstructive

1

    pulmonary disease (COPD), obesity, lumbar stenosis, and status post thymic cancer.

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5.  The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) except that he requires the option to alternate positions every 25 minutes. He can frequently balance, occasionally stoop, kneel or crouch, but never crawl. He can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to extreme heat, humidity, fumes, odors, dust, chemicals, gases, and other pulmonary irritants.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was 47 years old, defined as a younger individual age 18-49, on the alleged disability onset date.

8.  The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy the claimant can perform.

7.  The claimant has not been under a disability, as defined in the Social Security Act, from March 8, 2017, through the date of the ALJ's decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

  The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate their analysis of the evidence in order to allow the

reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ failed to draw a logical bridge between the evidence and his conclusion about Plaintiff's RFC and failed to adequately analyze Plaintiff's statements about his symptoms. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

Plaintiff argues that the ALJ's conclusions about Plaintiff's postural limitations and physical limitations are contrary to the medical evidence. Plaintiff's treating pulmonologist opined that Plaintiff is unable to work and is permanently disabled because of his COPD and respiratory function. The ALJ gave "little weight" to this opinion because "the State agency opinions [by non-examining medical professionals] are more persuasive" and because after one of the opinions of disability Plaintiff's oxygen saturation levels increased some. However, despite relying on them to discount the opinions of Plaintiff's treating specialist, the ALJ also gave "only partial weight" to the State agency physicians because there was other evidence in the record indicating that Plaintiff had more severe postural limitations than they found. For claims, like this one, filed prior

4

to March 27, 2017, the ALJ "should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2) (replaced by 20 C.F.R. §404.1520c for claims filed after March 27, 2017); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declined to give a treating source's opinion controlling weight, he should still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). "[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

In this case, the ALJ disregarded the opinion of Plaintiff's treating specialist in favor of the non-examining agency reviewers, but also gave their opinions only partial weight, leaving the Court unable to determine what, if any, medical evidence formed the basis of his opinion. For claims filed when Plaintiff's was, ALJs were directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [him]." 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *see also Vanprooyen v. Berryhill*, 864 F.3d 567, 572-73 (7th Cir. 2017) (finding error where "without any logical explanation, the administrative law judge gave substantial weight to the opinions of consulting

physicians who had never examined [the plaintiff], saying only that they had provided "a good synopsis of the evidence" and that "their opinions are consistent with the overall record"), and "a treating physician's opinion that a claimant is disabled 'must not be disregarded.'" *Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) (quoting SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *see also Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it."). However, the ALJ explicitly discounted the repeated opinion of Plaintiff's treating specialist that Plaintiff is permanently disabled on the basis of the opinion of non-examining state agency reviewers, whose opinions he also discounted. The Court is left without any logical bridge from the evidence of medical professionals, none of which was given more than "partial weight," to the ALJ's opinion that Plaintiff is capable of full-time competitive work. It also appears that the ALJ may have substituted his own his own judgment for that of the medical professionals in the record. *See Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003) (warning ALJs to avoid the temptation of playing doctor and advising ALJs to rely on expert opinions); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (explaining that ALJs must avoid making their own medical findings). In particular, the ALJ seems to have concluded that because Plaintiff experienced some improvement after the most recent declaration of permanent disability from his treating pulmonologist, and the fact that his respiratory functioning "did not rise to the level requiring at home oxygen," that he must be able to work. The ALJ is reminded of his responsibility to create a logical bridge between the evidence and his conclusions to allow for meaningful review, and to obtain additional information as needed, particularly if his assessment is based on what he perceives to be new medical information. *O'Connor-Spinner*, 627 F.3d at 618; *Barnett*, 381 F.3d

at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.").

Plaintiff argues that the ALJ erred in using Plaintiff's ability to remain employed for a time after his back pain symptoms began. As the Seventh Circuit Court of Appeals has noted, "even persons who *are* disabled sometimes cope with their impairments and continue working long after they might have been entitled to benefits." *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012); *see also Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014) ("[A] claimant's dogged efforts to work beyond her physical capacity would seem to be highly relevant in deciding her credibility and determining whether she is trying to obtain government benefits by exaggerating her pain symptoms."); *Richards v. Astrue*, 370 F. App'x 727, 732 (7th Cir. 2010) ("A desperate person might force herself to work – or … certify that she is able to work – but that does not necessarily mean she is not disabled."); *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) ("A person can be totally disabled for purposes of entitlement to social security benefits even if, because of an indulgent employer or circumstances of desperation, he is in fact working."). In this case, however, Plaintiff stopped working prior to his claimed disability date and is claiming disability because of other medical concerns in addition to his back pain. In addition, Plaintiff argues that the ALJ erred in his assessment of Plaintiff's daily activities. He concluded that because Plaintiff cares for his girlfriend, "the claimant's daily activities must have been, at least at times greater than generally reported. Consideration of this evidence supports the finding that the claimant is capable of performing light work." However, the ALJ does not explain how Plaintiff's ability to prepare simple meals, acquire food, and do some laundry and occasional housekeeping are the equivalent of full-time competitive work. The ALJ is reminded that the Seventh Circuit Court of Appeals has repeatedly criticized ALJ decisions that equate a plaintiff's ability to take care of personal hygiene

7

or household chores with the ability to work and fail to take into account "critical differences between activities of daily living and activities in a full-time job," such as the fact "that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also, e.g., Roddy*, 705 F.3d at 639 ("[A] person's ability to perform daily activities, especially if that can be done only with significant limitations, does not translate to an ability to work full-time."); *Punzio*, 630 F.3d at 712 ("[The plaintiff]'s ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home . . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment . . . often differ dramatically between home and office or factory or other place of paid work.").Particularly given the fact that the ALJ discounted the opinions of the only medical professionals to give an opinion regarding Plaintiff's postural limitations, the Court cannot trace the logic between the evidence and the ALJ's conclusions.

The ALJ erred in his analysis of Plaintiff's treating physician and failed to draw a logical bridge from the evidence to his conclusions, and the Court recommends that the case be remanded to correct these errors. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that she may build a 'logical bridge' between the evidence and his conclusion.").

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 14] and **REMANDS** this matter for further proceedings.

SO ORDERED this 17th day of August, 2020.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record